E OF THE CLERK, U.S. DISTRICT COURT
ORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
AN FRANCISCO, CALIFORNIA 94102

**OFFICIAL BUSINESS**
**PENALTY FOR PRIVATE USE $300**

02 1A                                    $ 01.14⁰
0004329882              MAR 24  2008
MAILED FROM ZIP CODE 94102

Rayford Bullock
1488 14th Street
Oakland, CA 94610

CRB

UTF

UNDELIVERABLE AS
ADDRESSED FORWARDING
ORDER EXPIRED

E-filing
3·24·08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KING BISHOP DR. EDDIE C. WELBON,
QUEEN MOTHER LILLIE MAE
JEFFERSON, et al.,

     Plaintiffs,

v.

ARTHUR BURNETT, et al.,

     Defendants.
_____/

QUEEN MOTHER LILLIE MAE
JEFFERSON, et al.,

     Plaintiffs

v.

CLINTON KILLIAN, et al.,

     Defendants
_____/

QUEEN MOTHER LILLIE MAE
JEFFERSON, et al.,

     Plaintiffs,

v.

CLINTON KILLIAN, et al.,

     Defendants
_____/

No. C 07-4248 CRB

No. C 07-2992 CRB

No. C 08-123 CRB

**MEMORANDUM AND ORDER**

United States District Court
For the Northern District of California

1    This dispute involves the Mt. Zion Spiritual Temple in Oakland, California. Plaintiff

2 Eddie Welbon ("Welbon"), a non-attorney proceeding pro se and allegedly joined by a litany

3 of unrepresented plaintiffs, challenges his removal from the leadership of the Temple. Now

4 pending before the Court is defendants' motion to dismiss and for Rule 11 sanctions in 07-

5 4948 CRB. Because the complaints in 07-2992 CRB and 08-123 CRB are nearly identical to

6 the complaint in 07-4948, the Court will consider the motion to dismiss as it applies to all

7 three cases.

8    The day before the scheduled hearing, Welbon filed an "order" with the Court

9 requesting a 30 day continuance. He contends that he received "this order" late because of a

10 change of address. It is unclear as to what "order" he refers; in any event, Welbon is

11 responsible for maintaining his current address with the Court. After carefully considering

12 the pleadings in these cases, including Welbon's written opposition to defendants' motion to

13 dismiss, the Court DISMISSES all of the federal claims in the above cases with prejudice

14 and the state claims without prejudice and GRANTS the motion for Rule 11 sanctions.

15                                    **BACKGROUND**

16    According to the various complaints, on April 28, 2005, plaintiff Welbon was elected

17 as the successor to the late "His Grace King Louis H. Narcisse" pursuant to the By-Laws and

18 Constitution of the Mt. Zion Temple. His authority, however, was disputed by some

19 members of the Temple.

20 **A.    The state court lawsuit**

21    In 2005 Welbon, represented by counsel, filed a lawsuit against the Mt. Zion Spiritual

22 Temple, Inc. in the Alameda Superior Court arising from the leadership dispute. Welbon

23 made claims for breach of contract, fraud and deceit, and breach of the duty of good faith and

24 fair dealing and defendants made cross-claims. The Superior Court held a bench trial in

25 December 2006 and January 2007. On February 7, 2007, the Superior Court, the Honorable

26 Cecilia Castallanos, issued a judgment in favor of defendants. Among other matters, the

27 Court enjoined Eddie Welbon, Lillie Mae Jefferson, Rayford Bullock, Leon Roundtree, Jr.

28 and their agents from using the name "Mt. Zion Spiritual Temple, Inc." in any manner and

1  for any purpose. The court also deemed various deeds that Welbon had filed in the name of
2  the Temple null and void and declared that title to certain properties rests solely in the Mt.
3  Zion Spiritual Temple, Inc. The court also voided certain corporate filings that Welbon and
4  others had made in the name of the Mt. Zion Spiritual Temple, Inc. and declared that the
5  purported April 28, 2005 election of Welbon was without legal authorization and is null and
6  void.

7  **B.    The multiple federal lawsuits arising from the same dispute**

8     **1.    07-951 CRB**

9     Approximately one week after the state court judgment, Welbon and others
10 proceeding pro se responded by filing a federal action, Patterson v. Killian, 07-0951 CRB.
11 The action raised the same issues as in the state court action and named a litany of
12 defendants, including various attorneys, the State Attorney General and the United States
13 Attorney. It also purported to make several federal claims: First Amendment free exercise;
14 First Amendment freedom of association; freedom of contract and property; establishment
15 clause; and equal protection. By order dated June 5, 2007, the Court dismissed the lawsuit.
16 The Court concluded that the complaint did not and could not state a claim against a
17 government actor and therefore did not state a federal claim. The Court also held that the
18 complaint is barred by the Rooker-Feldman doctrine in light of the state court's February
19 2007 judgment.

20    **2.    07-2992 CRB**

21    Welbon had filed a similar lawsuit in the Eastern District of California in February
22 2006, while the state court action was pending. There was no possible basis for venue of the
23 action in the Eastern District; indeed, the complaint alleges that venue is proper in the
24 "Northern District of California" because the claims arose in that District. The following
25 year the case was transferred to the Northern District of California. Jefferson v. Killian, 07-
26 2992 PJH. In December 2007, on the motion of one named defendant (the only one
27 apparently served), the court held that the action is barred by the state court judgment:
28 Docket Nos. 12, 16. The court then scheduled a status conference for January 2008 at which

1  no plaintiff appeared. The case was subsequently reassigned to this judge as a related case.

2  **3.    08-123 CRB**

3  Around the same time Welbon filed 07-951 CRB in the Northern District of
4  California, he filed a nearly identical action in the Western District of Tennessee. The
5  complaint in that action was actually captioned "UNITED STATES DISTRICT COURT
6  EASTERN DISTRICT OF CALIFORNIA," with "EASTERN" and "CALIFORNIA"
7  crossed–out and "Western" and "Tennessee" written in by hand. Unsurprisingly, this
8  complaint makes essentially the same allegations as the transferred Eastern District lawsuit,
9  07-2992, and the lawsuit filed in this District around the same time, 07-951 CRB. As with
10  the action filed in the Eastern District, there is no possible basis for venue in Tennessee;
11  indeed, again, the complaint recites that venue is proper in the "Northern District of
12  California" because the claims arose in that District. In January 2008, the Western District of
13  California transferred the action to this District and it was subsequently reassigned to this
14  judge as a related case.

15  **4.    07-4948 CRB**

16  Welbon filed another complaint in the Northern District of California in August 2007,
17  after this Court had dismissed his federal claims in 07-951 CRB with prejudice. This fourth
18  complaint makes nearly identical allegations to the 07-951 CRB action previously dismissed
19  by this Court and the 07-2992 action that was transferred to this Court from the Eastern
20  District of California and the 08-123 action transferred from the Western District of
21  Tennessee. In essence, Welbon continues to challenge the state court judgment. He again
22  lists as plaintiffs more than a dozen persons, none of whom signed the complaint and whom
23  plaintiff, as a non-attorney, cannot represent. This time he contends he is prosecuting the
24  action as "private attorney general for the people of the state of California." He also again
25  names more than 30 people as defendants.

26  At the initial case management conference held on December 3, 2007, the judge then
27  assigned to this action ordered plaintiff to file proofs of service by December 10, 2007. On

28

4

1  December 5, two days after the conference, plaintiff filed proofs of service for three

2  defendants: Arthur Burnett, Lillian Roberts, and Helen Butler.

3      These defendants now move to dismiss the complaint in 07-4248 and for Rule 11

4  sanctions. Defendants argue that (1) the complaint fails for all the same reasons this Court

5  dismissed the earlier-filed action, and (2) Rule 11 sanctions should be imposed.[1] As the

6  grounds for the motion to dismiss apply equally to 08-123 CRB and 07-2992 CRB, two cases

7  recently reassigned to this judge as related cases, the Court will consider the arguments as

8  they relate to all three pending actions.

9      **5.    Other out-of-state cases**

10     According to defendants' Case Management Conference Statement, Welbon has also

11 filed similar actions in the Eastern District of Michigan, a federal district court in Colorado,

12 and the Eastern District of Oklahoma.

**DISCUSSION**

14     The three nearly identical complaints currently pending before this Court all fail for

15 the reasons stated in the Court's June 5, 2007 order dismissing the complaint in 07-951 CRB.

16 The complaint does not state a federal claim and, in any event, the purported federal claims

17 are barred by the Rooker-Feldman doctrine. The complaints still do not contain any

18 allegations that suggest that any government official is in any way involved in the dispute

19 whether as a co-conspirator or otherwise; therefore, Welbon cannot state claims under

20 sections 1983, 1985 and 1988. That the Superior Court ruled against Welbon does not create

21 a federal question; again, Welbon's remedy is an appeal of the state court judgment. The

22 court notes, however, that it is ironic that Welbon complains that the state court should not

23 have ruled on an internal church dispute when it was Welbon himself who first filed the state

24 court action.

27     [1]Defendants also argue that the proofs of service in 07-4948 is false and that they have

28 never been served. The proof states that the complaint and summons were left at a particular residence. Defendants offer no admissible evidence to support their assertion that the proof is false; their attorney's bald statement in his declaration is inadmissible hearsay.

United States District Court
For the Northern District of California

1      The complaints also do not state a claim as a matter of law under section 1981. There

2   is no allegation that Welbon was denied a contract right because of his race and nor could

3   Welbon make such an allegation in good faith.

4      It is apparent that Welbon is simply relitigating the February 2007 state court

5   judgment; his remedy is to appeal the state court judgment, not to continue to file lawsuits in

6   federal court. The Court has read Welbon's opposition and it does not persuade the Court

7   otherwise. Accordingly, the Court will dismiss the purported federal claims in 07-2992

8   CRB, 07-4948 CRB, and 08-0123 CRB with prejudice and the state law claims, to the extent

9   any are made by Welbon, without prejudice. Judgment on these terms will be entered in

10   favor of all defendants.

11      The Court also concludes that sanctions should be imposed pursuant to Federal Rule

12   of Civil Procedure 11(b). That Rule provides in relevant part:

13      By presenting to the court (whether by signing, filing, submitting, or later
       advocating) a pleading, written motion, or other paper, an attorney *or*

14      *unrepresented party* is certifying that to the best of the person's knowledge,
       information, and belief, formed after an inquiry reasonable under the

15      circumstances, (1) it is not being presented for any improper purpose, such as
       to harass or to cause unnecessary delay or needless increase in the cost of

16      litigation; (2) the claims, defenses, and other legal contentions therein are
       warranted by existing law or by a nonfrivolous argument for the extension,

17      modification, or reversal or existing law or the establishment of new law; . . . .

18
19   Fed. R. Civ. P. 11(b)(1) & (2) (emphasis added). Thus, a district court may impose Rule 11

20   sanctions if a paper filed with the court is for an improper purpose, or if it is frivolous. G.C.

21   and K.B. Investments, Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003). "The standard

     governing both the 'improper purpose' and 'frivolous' inquiries is objective." G.C. and K.B.
22
     Investments, Inc., 326 F.3d at 1109; see also In re DeVille, 361 F.3d 539, 548 (9th Cir.
23
     2004) ("The imposition of Rule 11 sanctions . . . requires only a showing of objectively
24
     unreasonable conduct.").
25
        Defendants' motion for sanctions is directed to 07-4948 CRB. The Court finds that
26
     Welbon's filing of that action *after* this Court had dismissed his substantially similar action,
27
     07-951, and Welbon's refusal to withdraw the complaint *after* receiving notice from
28
     defendants of their intent to move for sanctions, is objectively unreasonable.

1   First, the lawsuit is simply a repeat of the action he had already filed and lost in this
2   Court, 07-951 CR, and the actions he had improperly filed in the Eastern District of
3   California and the Western District of Tennessee. It is objectively unreasonable for Welbon
4   to have three federal lawsuits pending at the same time which make essentially the same
5   allegations.

6   Second, Welbon has proceeded with the prosecution of this lawsuit even after this
7   Court dismissed 07-951 and another judge ruled that 07-2992 is barred by the state court
8   judgment. Thus, at the time plaintiff refused to withdraw his complaint in this action it was
9   objectively apparent that the complaint would fail since his two other nearly identical
10  complaints had failed. See Zaldivar v. City of Los Angeles, 780 F.2d 823, 829 (9th Cir.
11  1994) ("Without question, successive complaints based upon propositions of law previously
12  rejected may constitute harassment under Rule 11."). Welbon's response that his 07-4948
13  CRB complaint challenges new conduct is unpersuasive. The new conduct he challenges is
14  defendants simply following the state court judgment, that is, the judgment that Welbon
15  cannot use the Mt. Zion Spiritual Temple name in any manner and for any purpose. Again,
16  Welbon is simply challenging the state court judgment.

17  Third, it is objectively unreasonable for Welbon to continue to prosecute federal
18  lawsuits challenging the state court judgment rather than appeal the state court judgment, or
19  wait for the resolution of the appeal, if one has been timely filed.

20  Fourth, Welbon's conduct--especially his practice of filing of nearly identical
21  complaints in jurisdictions in which he knows there is no venue--makes it apparent that he is
22  prosecuting this action for an improper purpose, namely, to harass the defendants.

23  Accordingly, as the procedural requirements of Rule 11 have been met, the Court
24  finds that Rule 11 sanctions in the amount of the fees and costs incurred by defendants in
25  defending 07-4948 CRB, $4,115.00, are appropriate.

## CONCLUSION

27  As the above complaints are essentially identical to the complaint filed in 07-951, the
28  actions all fail for the same reason; namely, they fail to state a federal claim and are barred by

United States District Court
For the Northern District of California

7

1    the Rooker-Feldman doctrine.  Accordingly, the federal claims are DISMISSED with

2    prejudice and the state claims, to the extent Welbon makes such claims, are DISMISSED

3    without prejudice.

4        Plaintiff is ordered to pay defendant's counsel Clinton Killian $4,1115.00 in Rule 11

5    sanctions.

6        **IT IS SO ORDERED.**

7    Dated: March 2⁴, 2007

8                                            CHARLES  R. BREYER
                                             UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

### FOR THE

### NORTHERN DISTRICT OF CALIFORNIA

EDDIE C WELBON,

    Plaintiff,

    v.

ARTHUR B BURNETT et al,

    Defendant.

_____/

Case Number: CV07-02992 CRB

LILLIE MAE JEFFERSON et al,

    Plaintiff,

    v.

CLINTON KILLIAN et al,

    Defendant.

_____/

Case Number CV07-4248 CRB

JEFFERSON et al,

    Plaintiff,

    v.

KILLIAN et al,

    Defendant.

_____/

Case Number: CV08-00123 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 24, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eddie C. Welbon
2158 19th Ave.
San Francisco, CA 94116

Lillie Mae Jefferson
3400 12th Avenue
Sacramento, CA 95817

Carolyn Cunningham
2439 Bridgeport Drive
Memphis, TN 38114

Eddie C. Welbon
1488 14th Street
Oakland, CA 94610

Gerald Patterson
1488 14th Street
Oakland, CA 94610

Gregory Richardson
1488 14th Street
Oakland, CA 94610

Jackie Williams
1488 14th Street
Oakland, CA 94610

Lillie Mae Jefferson
1488 14th Street
Oakland, CA 94610

Rayford Bullock
1488 14th Street
Oakland, CA 94610

Willia Canson
1488 14th Street
Oakland, CA 94610


Dated: March 24, 2008

                        Richard W. Wieking, Clerk
                        By: Barbara Espinoza, Deputy Clerk

2

**E-filing**

8-24-2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KING BISHOP DR. EDDIE C. WELBON,             No. C 07-4248 CRB
QUEEN MOTHER LILLIE MAE
JEFFERSON, et al.,

      Plaintiffs,

   v.

ARTHUR BURNETT, et al.,

      Defendants.
_____/             No. C 07-2992 CRB

QUEEN MOTHER LILLIE MAE
JEFFERSON, et al.,

      Plaintiffs

v.

CLINTON KILLIAN, et al.,

      Defendants
_____/

QUEEN MOTHER LILLIE MAE                        No. C 08-123 CRB
JEFFERSON, et al.,

      Plaintiffs,

v.                                             **JUDGMENT**

CLINTON KILLIAN, et al.,

      Defendants
_____/

United States District Court
For the Northern District of California

1    The Court having dismissed the purported federal claims in the above action with

2  prejudice, and having dismissed the state claims, if any, without prejudice, judgment is

3  entered on the federal claims in favor of defendants and against plaintiffs in the above related

4  actions.

5    **IT IS SO ORDERED.**

6  Dated: March 2⁴, 2007

7                                                    CHARLES R. BREYER
                                                     UNITED STATES DISTRICT JUDGE

Lillie Mae Jefferson
3400 12th Avenue
Sacramento, CA 95817

Carolyn Cunningham
2439 Bridgeport Drive
Memphis, TN 38114

Eddie C. Welbon
1488 14th Street
Oakland, CA 94610

Gerald Patterson
1488 14th Street
Oakland, CA 94610

Gregory Richardson
1488 14th Street
Oakland, CA 94610

Jackie Williams
1488 14th Street
Oakland, CA 94610

Lillie Mae Jefferson
1488 14th Street
Oakland, CA 94610

Rayford Bullock
1488 14th Street
Oakland, CA 94610

Willia Canson
1488 14th Street
Oakland, CA 94610


Dated: March 24, 2008

Richard W. Wieking, Clerk
By: Barbara Espinoza, Deputy Clerk

2

E-filing

8-24-2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KING BISHOP DR. EDDIE C. WELBON,
QUEEN MOTHER LILLIE MAE
JEFFERSON, et al.,

      Plaintiffs,

  v.

ARTHUR BURNETT, et al.,

      Defendants.

_____/

No. C 07-4248 CRB

QUEEN MOTHER LILLIE MAE
JEFFERSON, et al.,

      Plaintiffs

v.

CLINTON KILLIAN, et al.,

      Defendants

_____/

No. C 07-2992 CRB

QUEEN MOTHER LILLIE MAE
JEFFERSON, et al.,

      Plaintiffs,

v.

CLINTON KILLIAN, et al.,

      Defendants

_____/

No. C 08-123 CRB

**JUDGMENT**

For the Northern District of California